UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALFREDO VASQUEZ, on behalf of himself, individually,
and all other persons similarly situated,

                Docket No.:

        Plaintiff,

  -against-                **COMPLAINT**

EUROPEAN AMERICAN WASTE SERVICES INC. and
FRANK OZPOLAT,

        Defendants.
------------------------------------------------------------------------X

      Plaintiff, ALFREDO VASQUEZ ("Plaintiff"), on behalf of himself, individually, and all other persons similarly situated, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, EUROPEAN AMERICAN WASTE SERVICES INC. ("EA Waste") and FRANK OZPOLAT ("Ozpolat," together with EA Waste, as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

      1.    Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL"), as well as to recover unpaid minimum wages under the NYLL for Defendants' failure to compensate him at all times above the minimum wage rate, failure to provide spread of hours pay for each day where the spread of hours between the beginning and end of Plaintiff's shift exceeded ten hours in violation of the NYLL, failure to pay wages in accordance with Plaintiff's agreed upon terms of his employment under the NYLL, failure to furnish accurate wage statements for each pay period under NYLL § 195(3), failure to provide a wage notice upon his

1

hire under NYLL § 195(1), for violations of the New York common law with respect to claims for unjust enrichment, quantum meruit, and breach of contract, and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other similarly situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. Plaintiff is a resident of the County of Suffolk, State of New York.

6. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), (4).

7. At all relevant times, Defendant EA Waste is and was a domestic business corporation with its principal place of business at 1000 Tenth Street, Ronkonkoma, New York 11779.

8. At all relevant times, Defendant EA Waste was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of trucks and other heavy machinery, cleaning supplies, office supplies, receipt papers, pens, paper, gasoline, oil, and vehicle parts, all of which undoubtably traveled in interstate commerce, and accepted payment via credit cards and other moneys that have originated from out of New York State.

9. At all times relevant, Defendant Ozpolat, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and delegation of assignments, discipline of Plaintiff, had the power to hire and fire employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

**FACTS**

10. Defendants are a garbage collection and removal service and its owner and day-to-day operator, who operate primarily in Suffolk and Nassau counties, from their principal place of business, located at 1000 Tenth Street, Ronkonkoma, New York 11779.

11. Plaintiff commenced his employment with Defendants in or about June 2019 as a truck driver helper. Plaintiff held this position until in or around the end of December 2021.

12. Throughout his employment, for the months of January through August, Defendants required Plaintiff to work, and he did in fact work, five days per week, Monday through Friday, from 5:00 a.m. until 2:00 p.m., for a total of approximately forty-five hours each week.

13. Throughout his employment, for the months of September through December, Defendants required Plaintiff to work, and he did in fact work, five days per week, Monday through Friday, from 5:00 a.m. until 4:00 p.m., for a total of approximately fifty-five hours each week.

14. At the time of Plaintiff's hire, Defendants informed Plaintiff that he would be paid a rate of not less than $32.50 per hour.

15. Despite this, throughout his employment, Defendants paid Plaintiff a flat weekly rate of pay of $750.00, for all hours worked, including those in excess of forty. Thus, for the months of January through August each year, Defendants actually paid Plaintiff a rate of $16.67 per hour, and for the months of September through December each year, Defendants actually paid Plaintiff a rate of $13.63 per hour.

16. Thus, throughout his employment, Defendants frequently failed to compensate Plaintiff at least at the minimum wage for each hour worked, in violation of the NYLL.

17. Throughout his employment, Defendants typically required Plaintiff to work, and Plaintiff did typically work, in excess of forty hours during each workweek.

18. Throughout his employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay, or one and one-half times the minimum wage rate, whichever is greater, for hours worked in excess of forty hours in violation of the FLSA and NYLL.

19. Plaintiff also regularly worked daily shifts that exceeded ten hours per workday from its start to its finish, including any breaks. However, Defendants failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

20. At the commencement of his employment, Defendants promised to pay Plaintiff at a regular hourly rate of pay of $32.50 per hour

21. Throughout his employment, Plaintiff fully performed his duties as an hourly-paid truck-driver helper within Nassau and Suffolk counties.

22. Despite this, throughout many workweeks of his employment, Defendants paid Plaintiff at hourly rates of pay that were less than the promised $32.50 per hour, in violation of the NYLL and New York common law.

23. Defendants failed to provide Plaintiff with a proper notice and acknowledgement of his wage rate upon his hire as required by NYLL § 195(1).

24. Defendants failed to provide Plaintiff with accurate wage statements including, *inter alia*, his correct hourly regular and overtime rates of pay, his correct gross pay, net pay, and amounts of any deductions and allowances, for each pay period, as required by NYLL § 195(3).

25. By failing to properly detail Plaintiff's hourly rate upon his hire, as well as his actual hours worked and pay received each workweek as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that he had been underpaid his overtime, or paid at his agreed upon regular rate of pay, throughout his employment.

26. With no way to know how much he should have been making, Plaintiff worked for approximately two and one-half years without discovering that he had been underpaid nearly every week, which denied Plaintiff not only the time-value of the money, but also resulted in further actual underpayments.

27. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to pay Plaintiff in accordance with their respective hours worked.

28. Defendants treated and paid Plaintiff and the putative collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

29. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

30. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interests in bringing this action.

31. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid employee including as a truck driver or truck driver helper, and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

32. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily

ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

33. Plaintiff and FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

34. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, or one and one-half times the minimum wage rate, whichever is greater, in violation of the FLSA.

35. Defendants' violations of the FLSA have been willful and intentional.

36. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

37. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

38. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

39. Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, or one and one-half times the minimum wage rate, whichever is greater, in violation of NYLL.

40. By Defendants' failure to pay Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, overtime wages for hours worked in excess of 40 hours per week, Defendants violated the NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

41. Defendants' violations of the NYLL have been willful and intentional.

42. Due to Defendants' violations of the NYLL, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – MINIMUM WAGES)

43. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

8

44. Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, and willfully failed to pay them the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

45. Defendants' violations of the NYLL have been willful and intentional.

46. Due to Defendants' violations of the NYLL, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW SPREAD OF HOURS)**

47. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

48. Defendant willfully failed to pay one additional hour pay at the basic minimum wage rate before allowances for each day where the spread of hours exceeded ten (10) in violation of NYLL.

49. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees, and the costs of this action.

## FIFTH CLAIM FOR RELIEF
### (FAILIURE TO PAY WAGES DUE UNDER NEW YORK LABOR LAW)

50. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

51. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

52. Throughout his employment, Defendants paid Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action at rates of pay below their agreed upon regular rates of pay nearly every workweek, including for hours worked during their first forty hours of work each workweek.

53. Based on the foregoing, Defendants failed to compensate Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action at their agreed upon regular rates of pay for all hours that they worked in accordance with their agreed upon terms of employment.

54. Defendants' violations of the NYLL have been willful and intentional.

55. Due to Defendants' violations of the NYLL, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action is entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at their agreed upon regular rates of pay.

56. Due to Defendants' violations of the NYLL, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action is also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with their agreed upon terms of employment

## SIXTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

57. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

58. Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-in to this action, with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct net pay, each pay period as required by NYLL § 195(3).

59. Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## SEVENTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

60. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire regarding, *inter alia*, their regular rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

62. Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff and any

11

FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## EIGHTH CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

63. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

64. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation through an hourly rate of pay. However, Defendants paid Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action at various rates of pay that were below their agreed upon regular rate of pay during many workweeks, thereby withholding wages due and owing to them.

65. Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

## NINTH CLAIM FOR RELIEF
## (QUANTUM MERUIT)

66. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

67. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants.

68. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action performed valuable services for Defendants with the expectation that they would be compensated for their work.

69. However, Defendants paid Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action at various rates of pay that were below their agreed upon regular rate of pay during many workweeks, thereby withholding compensation due and owing to them.

70. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action is entitled to the recovery of the reasonable value of the services that they provided to Defendants.

71. Based on the conduct alleged in this Complaint, Defendants were enriched at the expense of Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

72. Due to Defendants' conduct in violation of New York common law, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to costs of this action and interest as permitted by law.

### TENTH CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

73. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

74. As a condition of their employment, Defendants offered as a term of employment, and thereby promised, to pay Plaintiff and any FLSA Collective Action Plaintiff who opts-into this

action at a rate of pay of at least $32.50 per hour for their hours worked and that Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action would be paid their wages earned during their regular weekly pay period consistent with the pay period when the wages were earned. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action accepted this offer and entered into this binding contract.

75. Throughout their employment, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest, pursuant to this contract.

76. Throughout their employment, Defendants paid Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action at various hourly rates of pay for their hours worked that were below their promised regular rate of pay of $32.50 per hour during many workweeks.

77. The employment agreement referenced above is a valid enforceable contract.

78. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action has at all times complied with their obligations under the employment agreement.

79. Defendants breached the employment agreement by failing to pay Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action at a rate of pay of at least $32.50 per hour for their hours worked during many workweeks, which failed to comply with the terms of their employment and the parties' contract to the detriment of Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action.

80. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action have sustained and are entitled to recover damages, costs of this action, and interest as permitted by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv. Awarding damages relating to Defendants' violations of the New York common law with respect to claims for unjust enrichment, quantum meruit, and breach of contract;

v. Awarding unpaid overtime wages, minimum wages, and agreed upon wages pursuant to NYLL and the supporting New York State Department of Labor Regulations, plus liquidated damages;

vi. Awarding damages pursuant to NYLL § 195(1), (3);

vii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action

       by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

viii.    Awarding pre- and post-judgment interest as permitted by law;

ix.    Awarding attorneys' fees and costs incurred in prosecuting this action; and

x.    Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       February 15, 2024

                ROMERO LAW GROUP PLLC
                *Attorneys for Plaintiff*
                490 Wheeler Road, Suite 277
                Hauppauge, New York 11788
                Tel.: (631) 257-5588

                */s/ Matthew J. Farnworth, Esq.*
By:   _____
                MATTHEW J. FARNWORTH, ESQ.
                PETER A. ROMERO, ESQ.